IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2275-D

COREY ALLAN DONALDSON,           )
                                 )
                    Petitioner,  )
                                 )         **ORDER**
         v.                      )
                                 )
BRICK TRIPP,                     )
                                 )
                    Respondent.  )

On November 14, 2016, Corey Allan Donaldson ("Donaldson" or "petitioner") filed a petition pursuant to 28 U.S.C. § 2241 [D.E. 1]. On July 3, 2018, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") [D.E. 36] and recommended granting respondent's motion to dismiss [D.E. 16] and denying Donaldson's motions for injunctive relief [D.E. 22, 26]. Donaldson objected to the M&R and filed additional motions [D.E. 35, 37, 38]. Respondent responded in opposition to Donaldson's objections [D.E. 39].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

As for those portions of the M&R to which Donaldson did not object, the court has reviewed the M&R and the record. There is no clear error on the face of the record. Accordingly, the court adopts the conclusions in the M&R to which Donaldson did not object.

Donaldson's sole remaining claim alleges disparate treatment based on alienage. See M&R at 2. Specifically, Donaldson argues that as an alien, he may have to serve more of his prison sentence than a citizen because he is ineligible for home detention. See Pet. [D.E. 1] 6–7. During this action, Donaldson was released from the Federal Bureau of Prisons' ("BOP") custody. See BOP Inmate Locator, http://www.bop.gov/ inmateloc/ (search by inmate name) (last visited Aug. 16, 2018). Donaldson is now in the Bureau of Immigration and Customs Enforcement's ("ICE") custody, and his removal appears imminent. See M&R at 5.

Donaldson's disparate treatment claim fails. See, e.g., Gallegos-Hernandez v. United States, 688 F.3d 190, 195–96 (5th Cir. 2012) ("[A]lien prisoners with ICE detainers, such as Gallegos, cannot show that exclusion from rehabilitation programs, or from halfway house placement, establishes that alien prisoners, as an identifiable group, are being treated differently from other similarly situated prisoners who are not aliens."); Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *3 (S.D. Ga. May 16, 2018) (unpublished), report and recommendation adopted, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (unpublished); De Los Santos v. Lynch, No. 5:16-CV-111-DCB-MTP, 2017 WL 738498, at *2 (S.D. Miss. Feb. 24, 2017) (unpublished). Moreover, because Donaldson's claim is meritless, Donaldson's motions [D.E. 22, 26, 35, 38] seeking declaratory and injunctive relief are denied.

In sum, after reviewing the M&R, the record, and Donaldson's objections, the court agrees with the legal conclusions in the M&R. Accordingly, the court ADOPTS the conclusions in the M&R [D.E. 36], and OVERRULES Donaldson's objections [D.E. 37]. Donaldson's

motions [D.E. 22, 26, 35, 38] are DENIED, and respondent's motion to dismiss [D.E. 16] is GRANTED. Donaldson's petition is DISMISSED, and the court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This 16 day of August 2018.

JAMES C. DEVER III<br>
Chief United States District Judge